UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADRIAN CAMBARA ORTIZ,

       Petitioner,

    v.                         Case No.:  2:26-cv-01363-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
DETENTION CENTER *et al.*,

       Respondents,

                                       /

## OPINION AND ORDER

Before the Court are petitioner Adrian Cambara Ortiz's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).  For the below reasons, the Court grants the petition.

Cambara Ortiz is a native of Cuba who was admitted into the United States as a lawful permanent resident on September 15, 2015.  On January 31, 2023, he was convicted of conspiracy to commit money laundering.  An immigration judge ordered Cambara Ortiz removed to Cuba on December 26, 2023, and Cambara Ortiz waived appeal.  Immigration and Customs Enforcement ("ICE") detained him until March 23, 2024, when it released him on an order of supervision.  Cambara Ortiz complied with the terms of the order.  But on December 16, 2025, ICE arrested Cambara Ortiz and detained him at Alligator Alcatraz.  Cambara Ortiz challenges the legality of his

detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government acknowledges the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework applies. Cambara Ortiz has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2024, no change in circumstances makes removal to Cuba more likely now, and Cuba has a history of refusing repatriation of its emigres. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Cambara Ortiz will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Cambara Ortiz to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Adrian Cambara Ortiz's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Cambara Ortiz within 24 hours of this Order and give him telephone access so he can arrange transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record